IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| KAWASAKI KISEN KAISHA, LTD., and "K" LINE AMERICA, INC., | |
| Plaintiffs, | |
| and | Case No. 07 C 5675 |
| UNION PACIFIC RAILROAD CO., | Hon. Harry D. Leinenweber |
| Intervening Plaintiff, | |
| v. | |
| PLANO MOLDING CO., | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Plano Molding Co.'s ("Plano") Motion for Reconsideration. [ECF No. 170.] For the reasons stated herein, that Motion is denied.

## I.  BACKGROUND

This case stems from a Union Pacific Railroad Co. ("Union Pacific") train derailment that caused extensive damage to both the railroad and the train's cargo. Plaintiffs Kawasaki Kisen Kaisha, Ltd., "K" Line America, Inc. (collectively, "K-Line") and Union Pacific blame Plano for the accident. Plaintiffs claim that Plano's steel injection molds were packed improperly, broke through their container and fell onto the track. They seek to

hold Plano liable for damages arising from the derailment. The specific facts of this case have been recited extensively in previous decisions, so the Court will not repeat them here. *See, Kawasaki Kisen Kaisha, LTD v. Plano Molding Co.,* No. 07 C 5675, 2011 U.S. Dist. LEXIS 82335 (N.D. Ill. July 27, 2011) ("*Kawasaki I*"); *Kawasaki Kisen Kaisha, LTD v. Plano Molding Co.,* 696 F.3d 647 (7th Cir. 2012) ("*Kawasaki II*"); *Kawasaki Kisen Kaisha, LTD v. Plano Molding Co.,* No. 07 C 5675, 2013 U.S. Dist. LEXIS 101118 (N.D. Ill. July 19, 2013) ("*Kawasaki III*").

On July 27, 2011, this Court granted Plano's Motion for Summary Judgment on Plaintiffs' claims. *See, Kawasaki I,* 2011 U.S. Dist. LEXIS 82335. It did so despite noting some discrepancies regarding whether Plano was a consignee to a bill of lading prepared by World Commerce Services, LLC ("World"), which was the basis for some of Plaintiffs' claims. *Id.* at *15-18. World, a non-vessel operating common carrier, arranged the shipment of the steel molds from China to Illinois. Plaintiffs appealed, and while the Seventh Circuit affirmed the decision with respect to some of Plaintiffs' claims, it found unresolved questions of fact relevant to the Plaintiffs' contract claims based on the World Bill of Lading. The Seventh Circuit stated that, in analyzing Plaintiffs' contention that Plano is bound by the terms of the World Bill of Lading as a contracting party, "we

- 2 -

must consider Plano's role in obtaining World as the freight forwarder for the molds' transportation. *Kawasaki II,* 696 F.3d at 656. The Seventh Circuit found this question important, because "if Plano engaged World to handle the shipment on its own behalf, it could be found liable to K-Line and Union Pacific by the plain terms of the World bill of lading." *Id.* The Seventh Circuit found the evidence surrounding the Plano/World interaction "murky at best," and concluded that conflicts in the record created a material question of fact that required remand. *Id.* As such, the Seventh Circuit concluded:

> On this record, we are unable to ascertain whether CMT or Plano arranged the molds' shipment with World. Without this determination, we cannot conclude whether or not Plano engaged World in a manner that would impose liability as a contracting party, and subject Plano to liability under the World bill of lading. As to this narrow issue, we reverse the district court's grant of summary judgment and remand for further consideration.

*Id.* at 657-58.

Following the Seventh Circuit's ruling, the parties stipulated to bifurcating all issues of causation and damages while the Court first made an initial determination of the sole issue remanded by the Seventh Circuit: "whether or not Plano engaged World in a manner that would impose liability as a contracting party and subject Plano to liability under the World bill of lading." *See,* Pre-Trial Order at 1, ECF No. 153.

- 3 -

On June 24, 2013, this Court conducted a one-day bench trial focusing on the narrow issue raised by the Seventh Circuit with respect to whether Plano's interactions with World were such that Plano was subject to World's Bill of Lading. Plaintiffs and Plano presented both live and deposition testimony on the subject. After the trial concluded, the Court directed the parties to submit post-closing briefs.

On July 19, 2013, this Court issued a decision finding that Plano's role in obtaining World as the freight forwarder was sufficient to bind Plano to the World Bill of Lading. *Kawasaki III*, 2013 U.S. Dist. LEXIS 101118 at *19. The Court based this determination on several findings of fact. The Court found that Plano selected World as its forwarder, and that Plano gave World various instructions regarding shipment. *Id.* at *18. The Court also found that the molds were shipped FOB Shanghai, and that Plano was listed as the Consignee of the World Bill of Lading. *Id.* at *19. Based on these findings, the Court held that "Plano is bound to the World Bill of Lading and may be held liable to Plaintiffs. . . ." *Id.* at *19, *20. Pursuant to the stipulation entered between the parties, the Court also set the matter for trial on the issues of causation and damages. *Id.* at *20.

Plano now moves, pursuant to Federal Rule of Civil Procedure 54(b), for this Court to reconsider its July 19, 2013

- 4 -

Opinion, claiming that the Court misapprehended certain facts and that it reached a decision outside of the issues presented to the Court.

## II.   <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 54(b) governs non-final orders and permits revision at any time prior to the entry of judgment. *Galvan v. Norberg,* 678 F.3d 581, 587 n.3 (7th Cir. 2012). Rule 54(b) provides that any order or other decision that adjudicates fewer than all the claims of fewer than all the parties may be revised at any time before the entry of a judgment adjudicating all the claims, unless a partial judgment is entered as to such an order. *See,* Fed. R. Civ. P. 54(b); *Starks v. City of Waukegan,* No. 09 C 348, 2013 U.S. Dist. LEXIS 116075 at *2 (N.D. Ill. Aug. 16, 2013).

A motion to reconsider brought pursuant to Rule 54(b) may be granted where a court:

> has obviously misunderstood a party, where the Court's decision rests on grounds outside the adversarial issues presented to the Court by the parties, where the Court has made an error not of reasoning but of apprehension, where there has been a controlling or significant change in the law since the submission of the issue to the Court, or where there has been a controlling or significant change in the facts of the case.

*FDIC v. Mahajan,* No. 11 C 7590, 2013 U.S. Dist. LEXIS 99450 at *4-5 (N.D. Ill. Jul. 16, 2013). A motion to reconsider "is not an appropriate vehicle for relitigating arguments that the Court previously rejected or for arguing issues that could have been raised during the consideration of the motion presently under reconsideration." *Id.* at *5.

### III. <u>ANALYSIS</u>

In its initial Brief in support of its Motion to Reconsider, Plano contends that in reaching its decision, the Court misapprehended certain facts and that it reached a decision outside the issues it was presented. The heart of its argument is that the Opinion "not only finds that Plano <u>could</u> be bound by the terms of the World Bill of Lading, but also finds that Plano <u>is liable</u> under it." Def.'s Mem. in Support of Mot. to Reconsider at 7, ECF No. 171. While it acknowledges that nowhere in the Court's Opinion did the Court hold explicitly that Plano was liable, Plano asserts that the Court assumed that Plano was liable under the World Bill of Lading when it set the matter for trial on the issues of causation and damages. *Id.* at 6. Plano argues that "[t]he issue of whether Plano could be bound by the World Bill of Lading is wholly separate and distinct from the question of whether Plano breached the World Bill of Lading." *Id.* at 7. Plano then puts forth a number of arguments as to why

it did not breach the World Bill of Lading, and why, even if it is a party to the agreement, it cannot be held liable under it.

Plaintiffs argue that Plano misreads the Court's Opinion, since the Court made no determination that Plano breached the World Bill of Lading.  They argue that such a finding "awaits the trial on causation and damages, when Plano's liability will be determined.  The Court did not commit any 'errors of apprehension,' nor did the Court 'skip over any steps' as Plano contends, since the parties did not litigate, and the Court did not decide Plano's liability."  Pls.' Opp. to Mot. to Reconsider at 1.  Plaintiffs then address Plano's various arguments.

This Court finds that its holding in its July 2013 Opinion does not warrant reconsideration.  Specifically, the Court's conclusion that Plano is bound by the World Bill of Lading and may be held liable to Plaintiffs does not satisfy any of the bases for granting a motion to reconsider.  The Court did not misunderstand a party or make an error of apprehension, the decision rests on grounds within the adversarial issues presented to the Court, and there has been no significant change in law or facts.

As to Plano's contention that the Court reached a conclusion outside the issues presented, the Court disagrees.  The Seventh Circuit directed this Court to examine whether Plano's interactions with World could subject it to liability under the

World Bill of Lading. The Court held a one day hearing on that subject, and based on the evidence and testimony presented, found that Plano's interactions with World were such that it was bound by the Bill of Lading and could be subjected to liability under it. As both parties note, the Court made no finding that Plano was liable under the World Bill of Lading, only that it may be. The Court then set the trial on causation and damages according to the parties' own stipulation, not because it assumed Plano was liable. The Court made no such finding or assumption.

In its Reply Brief, Plano softens its stance, acknowledging that the Court and the parties have been focused on the "more important threshold issue of whether Plano was bound by the terms of the World Bill of Lading," and as such, the issue of whether and how the World Bill of Lading imposes liability on Plano has not been addressed. Thus, Plano suggests that the question of how the World Bill of Lading's provisions operate in light of the facts of the case should be considered by the Court, specifically by applying the findings of fact already made in the case. Plano's contention is that it cannot be held liable under the facts of the case already established, because Clause 10.2 of the World Bill of Lading imposes liability on Plano only if World received a sealed container, and in this case, it did not. As such, Plano argues that the issue is not that the Court made a

determination as to Plano's liability under the World Bill of Lading. Rather,

> Plano merely asks this Court to reconsider whether a trial on the issues of causation and damages is necessary in light of Clause 10.2 of the World Bill of Lading and the findings of fact made by both this Court and the Seventh Circuit that bear upon the application of Clause 10.2.

Def.'s Reply at 2.

This is not just a shift in Plano's stance with respect to the purpose of its Motion to Reconsider, but a complete 180 degree turn. In its opening brief, it accuses the Court of reaching a conclusion outside the matters that were presented to it by finding that Plano is liable under the World Bill of Lading (which, as explained earlier, the Court did not). In its Reply, it seeks to have the Court do exactly what it complained about in its opening brief – make a determination regarding Plano's liability despite the fact that doing so would be outside the matters that were presented to it during the one day trial. The only difference is that it wants the determination to be in its favor. In essence, Plano seeks to transform its Motion to Reconsider into a Motion for Summary Judgment, which this Court finds improper.

With the Court's approval, the parties stipulated to first determining whether Plano could be bound by the World Bill of Lading, before then moving on to causation and damages. The

Court's July Order does precisely that: it concludes that Plano can be bound by the World Bill of Lading, and sets trial for causation and damages. Plaintiffs will have their opportunity to show that Plano is liable under the World Bill of Lading at trial, and Plano will have its opportunity to defend itself. As such, reconsideration is unwarranted.

## IV. <u>CONCLUSION</u>

For the reasons stated herein, Plano's Motion for Reconsideration (ECF No. 170) is denied.


**IT IS SO ORDERED.**


_____
Harry D. Leinenweber, Judge
United States District Court

**DATE:** October 11, 2013